**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**SAMUEL & STEIN**
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
michael@samuelandstein.com

*Attorneys for Plaintiffs*

Miguel Herreros Torres and Juan Daniel Ortiz Reyes

Plaintiffs,

- vs. –

Farrukh Mukhamedov

Defendants.

DOCKET NO. 20-cv-

**COMPLAINT**

Plaintiffs Miguel Herreros Torres and Juan Daniel Ortiz Reyes, by and through their undersigned attorneys, for their complaint against Defendant, Farrukh Mukhamedov allege as follows, on behalf of themselves and on behalf of all other persons similarly situated:

**NATURE OF THE ACTION**

1. Plaintiffs Miguel Herreros Torres and Juan Daniel Ortiz Reyes allege on behalf of themselves and on behalf of other similarly situated current and former employees of non-party 894 Dekalb Pizza Corporation and Farrukh Mukhamedov who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) compensation for wages paid at less than the statutory minimum

wage; (ii) unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay as required by law; and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, because Defendant's violations lacked a good faith basis.

2. Plaintiffs further complain that they are entitled to: (i) compensation for wages paid at less than the statutory New York minimum wage; (ii) back wages for overtime work for which Defendant willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 *et seq*. and the supporting New York State Department of Labor regulations; (iii) compensation for Defendant's violations of the "spread of hours" requirements of New York Labor Law; (iv) compensation for Defendants' violation of the Wage Theft Prevention Act; and (v) liquidated damages pursuant to New York Labor Law for these violations.

**THE PARTIES**

3. Plaintiff Miguel Herreros Torres is an adult individual residing in Corona, New York.

4. Plaintiff Juan Daniel Ortiz Reyes is an adult individual residing in Corona, New York.

5. Plaintiffs consent in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); his written consent is attached hereto and incorporated by reference.

6. Upon information and belief, non-party 894 Dekalb Pizza Corporation is a New York corporation with a principal place of business at 894 Dekalb Avenue, Brooklyn, NY 11221.

7. At all relevant times, non-party 894 Dekalb Pizza Corporation has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

8. Upon information and belief, at all relevant times, non-party 894 Dekalb Pizza Corporation has had gross revenues exceeding $500,000.00.

9. Upon information and belief, at all relevant times herein, non-party 894 Dekalb Pizza Corporation has used goods and materials produced in interstate commerce, and has employed individuals who handled such goods and materials.

10. Upon information and belief, at all relevant times, non-party 894 Dekalb Pizza Corporation has constituted an "enterprise" as defined in the FLSA.

11. Upon information and belief, non-party 894 Dekalb Pizza Corporation, was and is, owned and operated by Defendant Farrukh Mukhamedov.

12. Upon information and belief, Defendant Farrukh Mukhamedov is an owner or part owner and principal of 894 Dekalb Pizza Corporation; he has the power to hire and fire employees, set wages and schedules, and maintain their records.

13. Defendant Farrukh Mukhamedov was involved in the day-to-day operations of 894 Dekalb Pizza Corporation and played an active role in managing the business.

14. Defendant constituted an "employer" of Plaintiffs as that term is used in the Fair Labor Standards Act and New York Labor Law.

**JURISDICTION AND VENUE**

15. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims

pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

16. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' business is located in this district.

**FACTS**

17. At all relevant times herein, Defendant owned and operated a restaurant in New York.

18. Plaintiff Miguel Herreros Torres was employed by Defendant from approximately October 25, 2017 through September 13, 2019.

19. Plaintiff Herreros Torres was primarily employed as a cook and food preparer.

20. Plaintiff's work was performed in the normal course of Defendant's business and was integrated into the business of Defendant, and did not involve executive or administrative responsibilities.

21. At all relevant times herein, Plaintiff was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

22. Plaintiff Herreros Torres' regular schedule was six days per week; he worked every day of the week except Mondays.

23. Plaintiff Herreros Torres worked roughly 11 and a half hours on Wednesdays, Saturdays and Sundays. He started work at 12:00 P.M. and ended at 11:30 P.M.

24. Plaintiff Herreros Torres worked roughly 7 and a half hours per day on Tuesdays, Thursdays and Fridays. He started work at 4:00 P.M. and ended at 11:30 P.M.

25. Consequently, Plaintiff Herreros Torres worked roughly 57 hours per week each week of his employment with Defendants.

26. Plaintiff Ortiz Reyes was employed by Defendant from approximately October 5, 2017 through July 2018 and again from April 20, 2019 through September 13, 2019.

27. Plaintiff Ortiz Reyes was primarily employed as a cook and food preparer.

28. Plaintiff's work was performed in the normal course of Defendant's business and was integrated into the business of Defendant, and did not involve executive or administrative responsibilities.

29. At all relevant times herein, Plaintiff was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

30. Plaintiff Ortiz Reyes' regular schedule was six days per week; he worked every day of the week except Mondays.

31. Plaintiff Ortiz Reyes worked roughly 11 and a half hours on Tuesdays, Wednesdays, Thursdays and Fridays. He started work at 12:00 P.M. and ended at 11:30 P.M.

32. Plaintiff Ortiz Reyes worked roughly 6 and a half hours per day on Saturdays and Sundays. He started work at 5:00 P.M. and ended at 11:30 P.M.

33. Consequently, Plaintiff Ortiz Reyes worked roughly 54 hours per week during the first part of his employment and roughly 59 hours per week during his employment in 2019.

34. Defendants did not provide a fingerprint scanner or any other method for employees to track their time worked.

35. Plaintiffs were paid by cash throughout their employment.

36. Plaintiff Herreros Torres was paid $680 per week.

37. Plaintiff Ortiz Reyes was paid $700 per week during the first half of his employment.

38. Plaintiff Ortiz Reyes was paid $900 per week during his employment in 2019.

39. Consequently, Plaintiffs' effective rate of pay was occasionally below the statutory minimum wages in effect at relevant times.

40. Plaintiffs did not receive tips.

41. Defendant's failure to pay Plaintiffs an amount at least equal to the New York state minimum wages in effect during the time from 2017 until the end of their employment was willful, and lacked a good faith basis.

42. In addition, Defendant failed to pay Plaintiffs an overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

43. Defendant's failure to pay Plaintiffs the overtime bonus for their overtime hours worked was willful, and lacked a good faith basis.

44. Throughout their employment, Plaintiffs worked three or four shifts per week that lasted ten hours from start to finish, yet Defendant willfully failed to pay them one additional hour's pay at the minimum wage for each such day they worked shifts lasting ten hours, in violation of the New York Labor Law and the supporting New York State Department of Labor regulations.

45. Defendant failed to provide Plaintiffs swith written notices providing the information required by the Wage Theft Prevention Act – including, *inter alia*, Defendant's contact information, Plaintiffs' regular and overtime rates, and intended allowances claimed – and failed to obtain Plaintiffs'signatures acknowledging the same, upon their hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

46. Defendant failed to provide Plaintiffs with weekly paystubs or other wage statements constituting records of their compensation and hours worked, in violation of New York Labor Law § 195.3 and the Wage Theft Prevention Act.

47. Upon information and belief, throughout the period of Plaintiffs' employment, both before that time and continuing until today, Defendant has likewise employed other individuals like Plaintiffs in positions at Defendant's store that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

48. Upon information and belief, Defendant has failed to pay other employees at the required statutory minimum wage.

49. Upon information and belief, these other individuals have worked more than forty (40) hours per week, yet Defendant has likewise failed to pay them overtime

compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

50. Upon information and belief, these other individuals were not provided with required wage notices or accurate weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

51. Upon information and belief, while Defendant employed Plaintiffs and through all relevant time periods, Defendant failed to maintain accurate and sufficient time records or provide accurate records to employees.

**COUNT I: Fair Labor Standards Act – Minimum Wage**

52. Plaintiffs, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

53. At all relevant times, Defendant employed Plaintiffs within the meaning of the FLSA.

54. Defendant failed to pay a salary greater than the minimum wage to Plaintiffs for all hours worked.

55. Because of Defendant's willful failure to compensate Plaintiffs at a rate at least equal to the federal minimum wage for each hour worked, Defendant has violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206.

56. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 206.

57. Due to Defendant's FLSA violations, Plaintiffs are entitled to recover from Defendant their unpaid compensation plus liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**COUNT II: Fair Labor Standards Act - Overtime**

58. Plaintiffs, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

59. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

60. Defendant had a policy and practice of refusing to pay overtime compensation to their employees for some of the hours they worked in excess of forty hours per workweek.

61. As a result of Defendant's willful failure to compensate his employees, including Plaintiffs, at a rate at least one-and-one-half times the regular rate of pay for some of their work performed in excess of forty hours per workweek, Defendant has violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

62. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

63. Due to Defendant's FLSA violations, Plaintiffs are entitled to recover from Defendant their unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**COUNT III: New York Labor Law – Minimum Wage**

64. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

65. At all relevant times, Plaintiffs were employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651.

66. Defendant willfully violated Plaintiffs' rights by failing to pay their compensation at the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and supporting regulations.

67. Defendant's failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

68. Due to Defendant's New York Labor Law violations, Plaintiffs are entitled to recover from Defendant their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT IV: New York Labor Law - Overtime**

69. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

70. At all relevant times, Plaintiffs were employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651.

71. Defendant willfully violated Plaintiffs' rights by failing to pay them overtime compensation at rates at least one-and-one-half times their regular rate of pay for

the hours worked exceeding forty hours per workweek in violation of the New York Labor Law §§ 650 *et seq.* and its supporting regulations in 12 N.Y.C.R.R. § 146.

72. Defendant's failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

73. Due to Defendant's New York Labor Law violations, Plaintiffs are entitled to recover from Defendant their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT V: New York Labor Law – Spread of Hours**

74. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

75. At all relevant times, Plaintiffs were employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651.

76. Defendant willfully violated Plaintiffs' rights by failing to pay them an additional hour's pay at the minimum wage for each day they worked a shift lasting longer than ten hours, in violation of the New York Labor Law §§ 650 *et seq*. and its regulations in 12 N.Y.C.R.R. § 146-1.6.

77. Defendant's failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

78. Due to Defendant's New York Labor Law violations, Plaintiffs are entitled to recover from Defendant their unpaid compensation, liquidated damages, interest,

reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT VI: New York Labor Law – Wage Theft Prevention Act**

79. Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

80. At all relevant times, Plaintiffs were employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651.

81. Defendant willfully violated Plaintiffs' rights by failing to provide them with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

82. Defendants willfully violated Plaintiffs' rights by failing to provide them with weekly wage statements that conformed to the specific requirements of the Wage Theft Prevention Act at any time during their employment.

83. Due to Defendant's New York Labor Law violations relating to the failure to provide wage notices, Plaintiffs are entitled to recover from Defendants $50 per day through the termination of his employment, up to the maximum statutory damages.

84. Due to Defendant's New York Labor Law violations relating to the failure to provide accurate weekly wage statements, Plaintiffs are entitled to recover from Defendant statutory damages of $250 per day through the end of their employment, up to the maximum statutory damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendant and his officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

d. Compensatory damages for failure to pay the minimum wage pursuant to the New York Labor Law;

e. An award of liquidated damages as a result of Defendant's willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

f. Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

g. Compensatory damages for illegal deductions of gratuities;

h. Liquidated damages for Defendant's New York Labor Law violations;

i. Statutory damages for Defendant's violations of the New York Wage Theft Prevention Act;

j. Back pay;

k. Punitive damages;

l. An award of prejudgment and post judgment interest;

m. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n. Such other, further, and different relief as this Court deems just and proper.

Dated: December 30, 2020

/s/ *Michael Samuel*
Michael Samuel, Esq.

SAMUEL & STEIN
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884

*Attorneys for Plaintiffs*